**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| SLIDE FIRE SOLUTIONS, LP, | ) |
|     *Plaintiff*, | ) CASE NO. |
| | ) |
| *v.* | ) HON. |
| | ) |
| BUMP FIRE SYSTEMS, LLC, | ) |
| | ) **JURY DEMANDED** |
|     *Defendant*. | ) |
| | ) |

## COMPLAINT

Plaintiff Slide Fire Solutions, LP ("Slide Fire") states as follows for its complaint against Bump Fire Systems, LLC ("Bump Fire Systems"):

### Nature of the Action

1. This is an action for patent infringement. Bump Fire Systems has made, used, offered for sale and sold gun stocks that infringe multiple Slide Fire patents.

### Parties, Jurisdiction and Venue

2. Plaintiff Slide Fire is a Texas limited partnership in the business of marketing and selling firearms and accessories to firearms including sliding rifle stocks, sometimes referred to as bump fire stocks. Slide Fire has a principal place of business at 760 FM 2408, Moran, Texas, 76464.

3. Defendant Bump Fire Systems is a Florida limited liability company in the business of marketing and selling certain firearm parts and accessories, including bump fire stocks. On information and belief, defendant has a principal place of business at 742 SW 8th Street, Miami, Florida 33130.

4. This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Bump Fire Systems under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042, for at least the following reasons:

   a. using the website www.Bump Firesolutions.com, defendant solicits Texas prospective customers to purchase its infringing products;

   b. as described more fully below, defendant has committed torts within Texas, including patent infringement;

   c. plaintiff sells approximately 45% of its gunstocks to Texas residents; on information and belief, a substantial percentage of defendant's sales of infringing products are likewise made to Texas residents;

   d. On information and belief, defendant has sold and delivered infringing products to many Texas residents, including at least the following:

- "qwerty4" a web blog moniker used by a "Team Member" of AR15.com;
- "grayparatrooper" a web blog moniker used by a "Member" of AR15.com;
- "hondacivilian" a web blog moniker used by a "Member" of AR15.com; and
- "shady" a web blog moniker used by a poster on texasguntalk.com.

6. Defendant's contacts with Texas are sufficiently numerous and substantial such that subjecting Bump Fire Systems to this Court's general and/or specific jurisdiction does not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

## Factual Allegations

8. Slide Fire incorporates by reference paragraphs 1–7.

9. Slide Fire makes and sells patented sliding rifle gunstocks designed for certain semi-automatic rifles. Images of two Slide Fire gunstock models (SSAR-15 SBS and SSAR-15-OGR) are reproduced below.



10. On or about May 15, 2014, Bump Fire Systems posted a YouTube video at www.youtube.com/user/bumpfiresystems promoting its forthcoming "Bump Fire Systems AR15 Stock" (hereinafter "Accused Product").

11. On June 26, 2014, Slide Fire, through its attorneys, notified Bump Fire Systems in writing of plaintiff's numerous patents (Exhibit 1).

12. At least since August 15, 2014, defendant has offered the Accused Product for sale on its website at www.Bumpfiresystems.com. A reproduction of defendant's webpage www.Bumpfiresystems.com/ar15-system/ displaying the gunstock and offering to sell it is attached hereto as Exhibit 2. Images from that webpage showing defendant's product are reproduced below.



13. On August 25, 2014, Slide Fire, through its attorneys, demanded in writing that Bump Fire Systems cease and desist from further patent infringement (Exhibit 3).

14. Bump Fire Systems refused plaintiff's demand and continues to offer and sell the Accused product to the public, including through its website, for $99.00 plus shipping.

15. After receiving plaintiff's demand that it cease and desist from further infringement, defendant repeatedly compared its knockoff product to Slide Fire's gunstock, using Slide Fire's registered trademark SLIDE FIRE (U.S. reg. no. 4,289,886).

16. On or about August 28, 2014, Bump Fire Systems, using the moniker @bumpfiresystems, posted the following on the social media website www.enjoygram (Exhibit 4):

> Jim Stultzman: How does it compare to the others? Seem fairly sturdy?
>
> Scott Heuman: Equal strength of the slidefire, but it seems much lighter. It feels more comfortable in my hand as well.
>
> Bump Fire Systems: Enjoy!
>
> Scott Heuman: Another neat feature: the semi/bump lockout tab can be activated with the flip of thumb. It's made to be quicker to select than the slidefire . . . .

17. Defendant Bump Fire Systems maintains a Facebook page: www.facebook.com/bumpfiresystems. On information and belief, one person who regularly posts on defendant's Facebook website, identified as John Gianni, is an employee and/or authorized representative of defendant.

18. On about August 30, 2014, defendant posted the following Facebook exchange between a Steven Quada and defendant's authorized representative:

> Steven Quada: Does this setup work the same or better than Slidefire?
>
> John Gianni: Steven Quadra it works about the same. Except ours is lighter, just as durable, maybe even more so, And a lot cheaper! Also, the stock is made out of a reinforced nylon which is stronger than any plastic, And the stock is very ergonomic. Instead of $400 for a slide fire you can get a bump fire for $100.

-4-

> Steven Quada: Thanks!
>
> John Gianni: anytime!

*See* page 18/21 of Defendant's Facebook page (attached hereto as Exhibit 5).

19. Also on or about August 30, 2014, "Bumpfiresystems_john," who describes himself as a "consultant/representative of @bumpfiresystems," posted the following on the www.enjoygram website (Exhibit 6):

> The @bumpfiresystems stock comes with a letter from the ATF, instruction manual on the package, and the stock itself. Usually you see a slide fire stock go for around $400, I personally think that is silly. That's a new gun sometimes! Or a used one. Our Stock currently is $99, as a start up price, and will become $150 after that. So grab one if you can! It'll be money well spent. And, if you have any questions I'd happily be of assistance!

20. Also on or about August 30, 2014, Bumpfiresystems_john posted the following on the website Instagram, accompanied by a picture of the Accused Product (Exhibit 7):

> How do we @bumpfiresystems compare to a slide fire stock? Well, here it is. And our price is considerably cheaper as well. I love getting good stuff cheap!

21. Contrary to defendant's representations, comparable Slide Fire gunstocks are widely available for less than $300.

### Count I: Infringement of United States Patent No. 6,101,918

22. Slide Fire incorporates by reference paragraphs 1–21.

23. United States Patent No. 6,101,918 (the '918 Patent") entitled "Method And Apparatus for Accelerating the Cyclic Firing Rate of a Semi-Automatic Firearm" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on August 15, 2000, after full and fair examination.

24. Slide Fire owns all of the rights and interest in, and is the assignee of, the '918 Patent.

25. Bump Fire Systems is directly infringing at least claim 7 of the '918 Patent, by making, using, importing, selling, or offering for sale in the United States, including the Northern District of Texas, the Accused Product stock and grip.

26. Bump Fire Systems' infringement is exceptional within the meaning of 35 U.S.C. § 285, justifying treble damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to § 285.

27. On information and belief, Bump Fire Systems will continue to infringe the '918 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Bump Fire Systems' activities.

28. On information and belief, the infringement by Bump Fire Systems has and will deprive Slide Fire of sales, profits, and other related revenue that Slide Fire would have made or would enjoy in the future, has injured Slide Fire in other respects, and will cause Slide Fire irreparable harm unless Bump Fire Systems is enjoined from infringing the '918 Patent.

**Count II: Infringement of United States Patent No. 8,127,658**

29. Slide Fire incorporates by reference paragraphs 1-28.

30. United States Patent No. 8,127,658 (the '658 Patent"), entitled "Method of Shooting a Semi-Automatic Firearm," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"), naming Jeremiah Cottle as the sole inventor, on March 6, 2012, after full and fair examination.

31. Slide Fire owns all of the rights and interest in, and is the assignee of, the '658 Patent.

32. Bump Fire Systems is inducing infringement and/or committing contributory infringement of at least claims 1 and 13 of the '658 Patent by others by making, using, importing, selling, and/or offering for sale in the United States, including the Northern District of Texas, the Accused Product. Bump Fire Systems has done so despite actual knowledge of the

'658 Patent. The Accused Product stock and grip constitutes a material part of the claimed inventions of the '658 Patent, which Bump Fire Systems knows is especially made or especially adapted for use in an infringement of the '658 Patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

33. On information and belief, Bump Fire Systems is directly infringing at least claims 1 and 13 of the '658 Patent by using the Accused Product stock and grip without authority in the United States.

34. Bump Fire Systems' infringement is exceptional within the meaning of 35 U.S.C. § 285, justifying treble damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to § 285.

35. On information and belief, Bump Fire Systems will continue to infringe the '658 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Bump Fire Systems' activities.

36. On information and belief, the infringement by Bump Fire Systems has and will deprive Slide Fire of sales, profits, and other related revenue that Slide Fire would have made or would enjoy in the future, has injured Slide Fire in other respects, and will cause Slide Fire irreparable harm unless Bump Fire Systems is enjoined from infringing the '658 Patent.

**Count III: Infringement of United States Patent No. 8,176,835**

37. Slide Fire incorporates by reference paragraphs 1–36.

38. United States Patent No. 8,176,835 (the '835 Patent"), entitled "Sliding Stock for Firearm," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"), naming Jeremiah Cottle as the sole inventor, on May 15, 2012, after full and fair examination.

39. Slide Fire owns all of the rights and interest in, and is the assignee of, the '835 Patent.

40. Bump Fire Systems is directly infringing at least claim 1 of the '835 Patent by making, using, importing, selling, or offering for sale in the United States, including the Northern District of Texas, the Accused Product stock and grip without authority.

41. Bump Fire Systems is actively inducing infringement and or committing contributory infringement of at least claim 12 of the '835 Patent by others by making, using, importing, selling, and/or offering for sale in the United States, including the Northern District of Texas, the Accused Product stock and grip. Bump Fire Systems has done so despite actual knowledge of the '835 Patent. The Accused Product stock and grip constitutes a material part of the claimed inventions of the '835 Patent, which Bump Fire Systems knows is especially made or especially adapted for use in an infringement of the '835 Patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

42. Bump Fire Systems' infringement is exceptional within the meaning of 35 U.S.C. § 285, justifying treble damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to § 285.

43. On information and belief, Bump Fire Systems will continue to infringe the '835 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Bump Fire Systems' activities.

44. On information and belief, the infringement by Bump Fire Systems has and will deprive Slide Fire of sales, profits, and other related revenue that Slide Fire would have made or would enjoy in the future, has injured Slide Fire in other respects, and will cause Slide Fire irreparable harm unless Bump Fire Systems is enjoined from infringing the '835 Patent.

**Count IV: Infringement of United States Patent No. 8,356,542**

45. Slide Fire incorporates by reference paragraphs 1–44.

46. United States Patent No. 8,356,542 (the '542 Patent") entitled "Slide-On Slide Stock for Firearm" was duly and legally issued by the United States Patent and Trademark

Office ("USPTO"), naming Jeremiah Cottle and David Compton as joint inventors, on January 22, 2013, after full and fair examination.

47. Slide Fire owns all of the rights and interest in, and is the assignee of, the '542 Patent.

48. Bump Fire Systems is at least directly infringing at least claims 1, 15, 23 and 37 of the '542 Patent by making, using, importing, selling, or offering for sale in the United States, including the Northern District of Texas, the Accused Product stock and grip.

49. Bump Fire Systems' infringement is exceptional within the meaning of 35 U.S.C. § 285, justifying treble damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to § 285.

50. On information and belief, Bump Fire Systems will continue to infringe the '542 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Bump Fire Systems' activities.

51. On information and belief, the infringement by Bump Fire Systems has and will deprive Slide Fire of sales, profits, and other related revenue that Slide Fire would have made or would enjoy in the future, has injured Slide Fire in other respects, and will cause Slide Fire irreparable harm unless Bump Fire Systems is enjoined from infringing the '542 Patent.

### Count V: Infringement of United States Patent No. 8,371,208

52. Slide Fire incorporates by reference paragraphs 1–51.

53. United States Patent No. 8,371,208 (the '208 Patent") entitled "Method for Shooting a Semi-Automatic Firearm" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"), naming Jeremiah Cottle as the sole inventor, on February 12, 2013, after full and fair examination.

54. Slide Fire owns all of the rights and interest in, and is the assignee of, the '208 Patent.

55.     Bump Fire Systems is actively inducing infringement and or committing contributory infringement of at least claims 1, 11, and 19 of the '208 Patent by others by making, using, importing, selling, and/or offering for sale in the United States, including the Northern District of Texas, the Accused Product stock and grip.   Bump Fire Systems has done so despite actual knowledge of the '208 Patent.  The Accused Product stock and grip constitutes a material part of the claimed inventions of the '208 Patent, which Bump Fire Systems knows is especially made or especially adapted for use in an infringement of the '208 Patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  On information and belief, Bump Fire Systems is directly infringing at least claims 1, 11, and 19 of the '208 Patent by using the Accused Product stock and grip.

56.     Bump Fire Systems' infringement is exceptional within the meaning of 35 U.S.C. § 285, justifying treble damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to § 285.

57.     On information and belief, Bump Fire Systems will continue to infringe the '208 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Bump Fire Systems' activities.

58.     On information and belief, the infringement by Bump Fire Systems has and will deprive Slide Fire of sales, profits, and other related revenue that Slide Fire would have made or would enjoy in the future, has injured Slide Fire in other respects, and will cause Slide Fire irreparable harm unless Bump Fire Systems is enjoined from infringing the '208 Patent.

**Count VI:  Infringement of United States Patent No. 8,448,562**

59.     Slide Fire incorporates by reference paragraphs 1–58.

60.     United States Patent No. 8,448,562 (the '562 Patent") entitled "Interface for Reciprocating Firearm Stock" was duly and legally issued by the United States Patent and

Trademark Office ("USPTO"), naming Jeremiah Cottle as sole inventor, on May 28, 2013, after full and fair examination.

61. Slide Fire owns all of the rights and interest in, and is the assignee of, the '562 Patent.

62. Bump Fire Systems is directly infringing at least claims 1, 8 and 22 of the '562 Patent, by making, using, importing, selling, or offering for sale in the United States, including the Northern District of Texas, the Accused Product stock and grip.

63. Bump Fire Systems' infringement is exceptional within the meaning of 35 U.S.C. § 285, justifying treble damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to § 285.

64. On information and belief, Bump Fire Systems will continue to infringe the '562 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Bump Fire Systems' activities.

65. On information and belief, the infringement by Bump Fire Systems has and will deprive Slide Fire of sales, profits, and other related revenue that Slide Fire would have made or would enjoy in the future, has injured Slide Fire in other respects, and will cause Slide Fire irreparable harm unless Bump Fire Systems is enjoined from infringing the '562 Patent.

**Count VII:  Infringement of United States Patent No. 8,474,169**

66. Slide Fire incorporates by reference paragraphs 1–65.

67. United States Patent No. 8,474,169 (the '169 Patent") entitled "Handle for a Semi-Automatic Firearm" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"), naming Jeremiah Cottle and David Compton as joint inventors, on July 2, 2013, after full and fair examination.

68. Slide Fire owns all of the rights and interest in, and is the assignee of, the '169 Patent.

69. Bump Fire Systems is directly infringing at least claims 1, 11, and 17 of the '169 Patent, by making, using, importing, selling, or offering for sale in the United States, including the Northern District of Texas, the Accused Product stock and grip.

70. Bump Fire Systems' infringement is exceptional within the meaning of 35 U.S.C. § 285, justifying treble damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to § 285.

71. On information and belief, Bump Fire Systems will continue to infringe the '169 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Bump Fire Systems' activities.

72. On information and belief, the infringement by Bump Fire Systems has and will deprive Slide Fire of sales, profits, and other related revenue that Slide Fire would have made or would enjoy in the future, has injured Slide Fire in other respects, and will cause Slide Fire irreparable harm unless Bump Fire Systems is enjoined from infringing the '169 Patent.

**Count VIII:  Infringement of United States Patent No. 8,607,687**

73. Slide Fire incorporates by reference paragraphs 1–72.

74. United States Patent No.  8,607,687 (the '687 Patent") entitled "Slide Stock With Contoured Finger Rest" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"), naming Jeremiah Cottle as sole inventor, on December 17, 2013, after full and fair examination.

75. Slide Fire owns all of the rights and interest in, and is the assignee of, the '687 Patent.

76. Bump Fire Systems is directly infringing at least claims 1 and 14 of the '687 Patent, by making, using, importing, selling, or offering for sale in the United States, including the Northern District of Texas, the Accused Product stock and grip.

77.     Bump Fire Systems' infringement is exceptional within the meaning of 35 U.S.C. § 285, justifying treble damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to § 285.

78.     On information and belief, Bump Fire Systems will continue to infringe the '687 Patent, causing immediate and irreparable harm, unless this Court enjoins and restrains Bump Fire Systems' activities.

79.     On information and belief, the infringement by Bump Fire Systems has and will deprive Slide Fire of sales, profits, and other related revenue that Slide Fire would have made or would enjoy in the future, has injured Slide Fire in other respects, and will cause Slide Fire irreparable harm unless Bump Fire Systems is enjoined from infringing the '687 Patent.

**PRAYER FOR RELIEF**

Slide Fire prays that this Court enter judgment in favor of Slide Fire and against Bump Fire Systems on all claims asserted by Slide Fire:

A.  Entering preliminary and permanent injunctions against Bump Fire Systems as provided by, for example, 35 U.S.C. § 283, enjoining it, its directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons in active concert, privity, or participation with Bump Fire Systems from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '658, '835, '542, '208, '562, '169, and '687 Patents;

B.  Ordering Bump Fire Systems to provide an accounting of all sales activity relating to the Accused Product, together with an itemized list of all persons to whom it has sold the gunstocks, including their addresses and other contact information;

C.  Ordering Bump Fire Systems to notify immediately every person and entity to whom it has sold or otherwise contracted to provide the Accused Product that

        Slide Fire holds the patents on the technology and that it cannot legally sell the Accused Product;

D.     Awarding such damages to Slide Fire to which it is entitled, pursuant to 35 U.S.C. § 284;

E.     Awarding Slide Fire enhanced damages pursuant to 35 U.S.C. § 284;

F.     Awarding Slide Fire pre-judgment and post-judgment interest as allowed by law;

G.     Awarding Slide Fire its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 and/or other applicable statutes;

H.     Holding that Bump Fire Systems acted willfully in causing damage to Slide Fire; and

I.     Awarding Slide Fire such other and further relief as the Court deems just, equitable, and proper.

## Jury Demand

Slide Fire demands a jury.

Respectfully submitted,

/s/ Jerry R. Selinger
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone: 214-272-0957
Facsimile: 713-623-4846
ATTORNEYS FOR PLAINTIFF
SLIDE FIRE SOLUTIONS, L.P.

OF COUNSEL:
Bradley L. Smith
*Pro Hac Vice motion to be filed*
Endurance Law Group PLC
180 W. Michigan Ave., Suite 501
Jackson, MI 49201
Telephone:(517) 879-0253
Email: bsmith@endurancelaw.com
*Counsel for Plaintiff Slide Fire Solutions, LP*